## WALKER *v.* STATE.

### Opinion delivered February 17, 1919.

1. BAIL—PENDING APPEAL—CAPITAL OFFENSE.—One who is convicted of murder in the first degree with sentence of life imprisonment is entitled to bail on appeal, under Kirby's Digest, § 2587.

2. CRIMINAL LAW—APPEALS—EFFECT ON JUDGMENT.—An appeal with a supersedeas bond does not vacate a judgment but only stays proceedings under it.

Appeal from Clay Circuit Court; *R. E. L. Johnson,* Judge; reversed.

*W. E. Spence* and *S. R. Simpson,* for appellant.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

McCULLOCH, C. J.  Appellant was indicted for the crime of murder in the first degree, and on the trial of the case was convicted of that offense, but the verdict of the jury fixed the punishment at imprisonment in the State penitentiary for life.

The court overruled appellant's motion for a new trial and granted an appeal to this court, but refused, on motion of appellant's attorneys, to fix bail.

The statute provides that a defendant in a criminal case on appeal to the Supreme Court "shall be permitted to give bail pending the appeal in such amount as the court may think proper and safe, in all cases, except in appeals from a conviction of a capital offense."  Kirby's Digest, section 2587.  The learned circuit judge refused bail on the ground that appellant was convicted of a capital offense within the exception specified in the statute. The General Assembly of 1915 enacted a statute (Acts 1915, p. 774) providing that in the trial of cases where the punishment was death, as the law then stood, the jury should have the right "to render a verdict of life imprisonment in the State penitentiary at hard labor."

It was pursuant to the authority of this statute that the jury assessed the punishment in this case at life imprisonment instead of imposing the death sentence.

The question presented now is whether, notwithstanding the imposition of the lower penalty, the appeal comes within the exception in the statute allowing bail on appeals in criminal cases.  We do not think that the case comes within the exception, and that appellant is entitled to bail.  What the lawmakers intended by this statute was to allow bail in all cases except where capital punishment was im-

posed by the judgment appealed from. The statute deals solely with the question of appeals and measures the right of appellant to bail according to the severity of the punishment imposed under the judgment of conviction, and not by the gravity of the original charge in the indictment. Conceding, without deciding, that if the judgment be reversed and the cause remanded for a new trial, the jury would have the power, upon another conviction of murder in the first degree, to impose the death penalty, notwithstanding the fact that the former jury had imposed the lesser penalty, still the judgment now before us is not one which constitutes a capital conviction for the simple reason that the severest penalty of the law is not imposed. The judgment is not vacated by the appeal and supersedeas, but the effect of the appeal and supersedeas is only to stay proceedings under the judgment. *Miller* v. *Nuckolls*, 76 Ark. 485; *Boynton* v. *Chicago Mill & Lbr. Co.*, 84 Ark. 203; *Foohs* v. *Bilby*, 95 Ark. 302.

The attorney general relies upon the case of *Caesar* v. *State*, 127 Ga. 710, as sustaining the contrary view, That case involved the interpretation of a provision of the Georgia Constitution which conferred jurisdiction on the Supreme Court "in all cases of conviction of a capital felony," and the court held that a conviction of murder in the first degree with the imposition only of life imprisonment, where either that punishment or the death penalty might be imposed by the trial jury was "a conviction of a capital felony" within the language of the Constitution so as to confer jurisdiction on the Supreme Court.

The reasoning of the court in that case is not without some force in the present one, but the question there involved was altogether different from the one now before us. The Constitutional provision under consideration in that case involved the jurisdiction of the court in a certain class of cases, whereas we are dealing with a statute which concerns the right of bail, and we think that the legislative intent is clear that bail should be

allowed except in cases where the appellant rests under a conviction imposing the death penalty.

An order will, therefore, be entered here admitting appellant to bail.

SMITH, J., (dissenting). The majority say that "what the lawmakers intended by this statute was to allow bail in all cases except where capital punishment was imposed by the judgment appealed from." Possibly so, but that is not the language of the statute. The statute is that bail shall be permitted "in all cases except in appeals from a conviction of a capital offense." So that the question properly stated is, not whether a capital sentence has been imposed but, whether there has been a conviction of a capital offense, and as thus stated the question, it would seem, is much simplified. There is no right of bail unless the statute gives it, as the constitutional guaranty reads as follows: "All persons shall, *before* conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great." Sec. 8, Art. 9, Const.

In the transcript filed in this case we read the following verdict: "We, the jury, find the defendant guilty of murder in the first degree  *  *  *  ." That murder in the first degree is a capital offense is a proposition which will not be questioned. Appellant has been convicted of that offense. It is true the death sentence was not imposed but it could have been imposed by the jury. In the case of *Bell* v. *State,* 120 Ark. 538, in construing this statute we said: "The manifest purpose of the Legislature was not to abolish capital punishment but to provide also another method of punishment if the jury so ordained." And in *Kelley* v. *State,* 133 Ark. 261, 202 S. W. 54, where the same statute was before us we said: "It is strenuously insisted by learned counsel for appellant that the act is mandatory, and imposes a duty upon the jury to fix the punishment either of death or life imprisonment. We think the plain language of the statute is against the contention. It, in so many words, extends a privilege or right to a jury to impose a lighter punish-

ment than death. In case the clemency is not extended, the punishment fixed by law follows the verdict.'' So that, while a jury may or may not assess the death punishment upon a conviction of murder in the first degree, that crime remains a capital one, because death is still a punishment fixed by law for its commission.

I agree with the majority of the court that the reasoning of the Georgia court is not without force in the instant case although the facts are different. Discussing the principle involved here that court said: ''If the statute imposes death as a punishment, and provides for no other punishment, of course the offense is a capital felony. The question now is, when the statute provides that the punishment shall be death or imprisonment, as the jury shall recommend, and the jury recommends imprisonment, whether the verdict of guilty of the offense is a conviction of a capital offense. In our view the expression ''capital felony,''when used in our law,is merely descriptive of those felonies to which the death penalty is affixed as a punishment under given circumstances to distinguish such felonies from that class in which under no circumstances would death ever be inflicted as a penalty for the violation of the same. Felonies, in the Penal Code, are thus divided in two classes—capital felonies and felonies not capital. If under any circumstances the penalty of death can be inflicted, the offense is capital, whether it is actually inflicted in a particular case or not. If under no circumstances the death penalty can be inflicted, the offense is not capital. If one were asked as to what are the capital felonies under the law of Georgia, the immediate reply would be treason, murder, arson, rape, etc.; still, in all of these cases, capital punishment can not be inflicted if the jury trying the offender shall recommend imprisonment for life as a punishment.'' *Caesar* v. *State,* 127 Ga. 712.

I am of the opinion that the court below in refusing bail correctly interpreted the statute, and I, therefore, dissent.