Jarol A. SHOREY *v.* Honorable Thurston THOMPSON

88-64                                                          750 S.W.2d 955

Supreme Court of Arkansas
Opinion delivered June 6, 1988

*Gordon L. Cummings*, for appellant.

*Thompson & Dodge, P.A.*, by: *Thurston Thompson*, for appellee.

JOHN I. PURTLE, Justice. This is an appeal from the denial by the circuit judge of a petition for certiorari to the municipal court of Benton County. We agree with the decision of the circuit court that certiorari was improper under the circumstances.

The appellant, charged with DWI, appeared for trial in the municipal court prepared to record the trial with a tape recorder. His request to record the proceedings with a "small, hand-held, pocket-size, quiet, unobstrusive recorder" was rejected by the municipal court judge on the ground that it constituted improper discovery by the defendant.

The trial was held without the use of the recorder and the appellant was convicted. He then applied to the circuit court for a writ of certiorari to require the municipal judge to give him a new trial in the municipal court at which he could use the tape recorder.

The appellant argued in his petition for certiorari that the Sixth Amendment and Due Process clauses of the United States Constitution guarantee him the right to record the proceedings by the system we have already mentioned. He also relied upon the case of *Davey* v. *City of Atlanta*, 204 S.E.2d 322 (Ga. 1974), for the proposition that he had the absolute right to record the testimony.

The circuit court denied the petition for certiorari and this appeal is from that decision.

The appellant did not present to the circuit court for review facts which demonstrated a plain, manifest, clear and gross abuse of discretion by the trial court. The demonstration of such an abuse of discretion by a trial court is essential before an appellate court will grant a petition for writ of certiorari. *Brown* v. *Wood, Judge*, 257 Ark. 252, 516 S.W.2d 98 (1974). Although the petitioner made numerous general statements and conclusions concerning his right to record the proceedings, he has not alleged specific facts indicating that the trial court's refusal to allow him to record the trial resulted in any prejudice to his case. Additionally, the petitioner has not demonstrated a manifest clear abuse of discretion on the part of the trial court, or that the trial court acted in a manner outside its jurisdiction.

The circuit court correctly denied the writ of certiorari.

Affirmed.

GLAZE, J., concurs.