Everett Lamont FOREMAN *v.* STATE of Arkansas

CR 94-440 875 S.W.2d 853

Supreme Court of Arkansas
Opinion delivered May 23, 1994

*Dale E. Adams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

PER CURIAM. This is a petition for writ of certiorari that arises from the decision of the Fourth Division of Pulaski County Circuit Court to set bond for Everett Lamont Foreman in the amount of $1,000,000, "cash only." Inasmuch as the court explicitly stated that its purpose was to put Foreman's bond out of reach and failed to consider the factors set forth in Ark. R. Crim. P. 9.2(c), it exceeded the bounds of its discretion in arbitrarily setting bail at such a level. For these reasons, we grant the petition and remand the matter to the circuit court for reconsideration of the appropriate bond amount in the light of the "facts relevant to the risk of wilful nonappearance" listed under Rule 9.2(c).

Foreman, who is charged with aggravated assault, is currently awaiting trial on May 26 in the Pulaski County Circuit Court, Fourth Division. At a hearing on unrelated matters, the trial court inquired about Foreman's bond, having received information from the news media that Foreman may have violated the terms of a previously set bond in a different court. A bond hearing was subsequently set.

At the hearing, the state introduced a certified copy of Foreman's convictions for driving and drinking under age and refusing to take a blood alcohol test. All parties agreed that Foreman had also been convicted in another court of first-degree murder and had been sentenced to life imprisonment, a matter now pend-

ing an appeal. Foreman's family had made a $250,000 appeal bond following that conviction, and Foreman had not missed any court appearances thereafter. Although the state had filed a petition to revoke the bond for underage drinking and driving and refusal to consent to blood alcohol testing, the judge in the other division denied the petition, leaving Foreman at liberty on the $250,000 appeal bond.

With respect to the pending charges, the municipal court set bond at $1,500, but, by the time of the bond hearing under review here, it had not been made. The state contended at the hearing that such an amount was insufficient. However, the state never specified an amount that would prove satisfactory, and the trial court, focusing on the murder conviction, which is on appeal from another court, and expressing doubt that a person facing a life sentence would turn himself in under the penalty of an additional ten years imprisonment, asked defense counsel "how much [Foreman] can make so I can set it above what he can make. I don't think this Defendant should be out. I'm going to set it at a bond so high I don't think that he can. . . ." The court then set bond "at $1,000,000, which will be cash only. That means he may not post a surety. He must come up with cash money to make this bond."

The setting of the amount of bond rests in the reasonable discretion of the trial court. *Municipal Court of Huntsville* v. *Casoli*, 294 Ark. 37, 740 S.W.2d 614 (1987). Certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy, and it is available to the appellate court in its exercise of superintending control over a lower court that is proceeding illegally where no other mode of review has been provided. *Lupo* v. *Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993). A demonstration of a plain, manifest, clear, and gross abuse of discretion is essential before this court will grant a petition for writ of certiorari. *Shorey* v. *Thompson*, 295 Ark. 664, 750 S.W.2d 955 (1988).

The record here clearly establishes that the circuit court, in setting the amount of bail, purposely set the bond out of Foreman's reach and did not take into account "all facts relevant to the risk of wilful nonappearance," such as those examples appearing in Ark. R. Crim. P. 9.2(c). Consequently, we have

no choice but to hold that the circuit court's action in setting bail at so high a figure was arbitrary and exceeded its discretion.

 Emphasis is given in the dissenting opinion to the effect of Act 3 of 1994, which provides, in pertinent part:

> When a criminal defendant has been found guilty, pleaded guilty, or pleaded nolo contendere to a criminal offense of murder in the first degree, or any offense classified as a Class Y felony and is sentenced to death or a term of imprisonment, the court shall not release the defendant on bail or otherwise pending appeal or for any reason.

Act 3 of 1994, § 1(b)(3). In the dissent's view, the trial court did not err in setting bond at $1,000,000 in light of the recently enacted statute. The court's decision, according to the dissenting opinion, was effectively a denial of bail to one who, under the terms of Act 3, was not entitled to bail anyway.

 While it is true that Act 3 of 1994 was effective prior to the date of Foreman's bond hearing in the aggravated assault case, the first-degree murder conviction occurred prior to March 4, 1994 — the date on which Act 3 became law. The $250,000 bond in that case had already been set. It was not within the province of the court in the aggravated assault case to amend the bond on behalf of the other division of the circuit court to conform (however inadvertently or unconsciously) with the provisions of Act 3.

The language of Act 3 clearly indicates that it is the responsibility of the sentencing court in a first-degree murder or Class Y felony case to refuse release on bail or pending appeal. Nothing is said concerning a situation such as the present one, where a party is already under an appeal bond for first-degree murder and is subsequently brought into another court on an unrelated charge.

 Although it may be said, under these circumstances, that the circuit court, in setting bail at such a high figure, was taking into account Foreman's "prior criminal record" pursuant to Ark. R. Crim. P. 9.2(c)(vi), it is obvious that the court did not take "*all* facts relevant to the risk of nonappearance" into account. For example, "family ties and relationship," listed at Ark. R. Crim. P. 9.2(c)(iii), is a factor that clearly played some part in

the setting of the $250,000 bond but that was ignored here. Foreman's family, as mentioned above, produced the appeal bond in the first-degree murder case, and Foreman missed no scheduled court date thereafter.

As stated earlier, we grant the petition for writ of certiorari and remand the matter to the Pulaski County Circuit Court, Fourth Division, for reconsideration of the appropriate bond amount, explicitly taking into account the factors enumerated in Ark. R. Crim. P. 9.2(c).

HAYS, GLAZE and BROWN, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. The trial judge appears to have emphasized Foreman's conviction for a capital crime in setting a $1 million bond rather than merely setting a bond to assure attendance at trial for an aggravated assault charge. I cannot say that he erred in this regard in light of Act 3 of 1994.

Foreman was convicted of first-degree murder and appealed. Bond was set at $250,000 which he made. He was also charged with aggravated assault. Bond was set at $1,500 on the assault charge but not posted. Foreman, according to the State, violated the terms of his bond when he was arrested for drinking under age, but according to Foreman's counsel, Sixth Division Circuit Court refused to revoke the $250,000 bond.

Our Rules of Criminal Procedure do not provide that persons convicted of capital crimes shall be admitted to bail. Ark. R. Crim. P. 36.5. Moreover, effective March 4, 1994, Act 3 of 1994 states that a criminal defendant convicted of first-degree murder shall not be released on bail pending appeal. The Federal and State Constitutions also provide a constitutional right to bail for non-capital offenses and specifically a right against excessive bail. U.S. Const. amend. 8; Ark. Const. art. 2, §§ 8, 9. This court has said that the Arkansas Constitution confers an absolute right to bail before conviction. *Duncan* v. *State*, 308 Ark. 205, 823 S.W.2d 886 (1992). Here, the trial judge effectively denied that right, if we consider only the aggravated assault charge, by stating that he was going to set bail so high that Foreman could not make it.

The reality of the situation though is that both our criminal

rules and the laws of this state now provide that Foreman should not be free on any bond, pending his appeal for first-degree murder. Act 3 became effective before the trial judge set the $1 million cash bond. It does not appear arbitrary or an abuse of discretion for a trial judge to consider the first-degree murder conviction and effectively deny bail to a person who as of March 4, 1994, could not be free on bail in the first place.

In sum, while the trial judge was foreclosed from effectively denying Foreman bail for a non-capital offense, he certainly was not proscribed from doing so when a conviction for first-degree murder is factored in. For that reason, I respectfully dissent.

HAYS and GLAZE, JJ., join.