Jacque CASEMENT *v.* STATE of Arkansas

CR 94-448                                          884 S.W.2d 593

Supreme Court of Arkansas
Opinion delivered October 10, 1994

*Hurst Law Office*, by: *Sherry L. Daves*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. This case is before us on a petition for certiorari to review an appeal bond proceeding. Petitioner, Jacque Casement, asks this court to review the order denying bond, and argues the trial court erred when it applied Act 3 of 1994 ("the Act") in considering his request for appeal bond because (1) his constitutional protection against *ex post facto* laws was thereby violated, and (2) appeal bond procedures are properly controlled by the provisions of A.R.Cr.P. Rules 36.5 through 36.8 ("the Rules" or "the Rule"), rather than the Act. Jurisdiction of this matter is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(1), (3) and (10). Inasmuch as we find merit to petitioner's second argument, we grant his petition and remand the matter to the circuit court for a rehearing on the appeal bond. For that reason, we do not address petitioner's other argument.

■■ Initially we note the remedy of the writ of certiorari is appropriate to review bail bond proceedings. *Foreman* v. *State*, 317 Ark. 146, 875 S.W.2d 853 (1994) (per curiam); *Duncan* v. *State*, 308 Ark. 205, 823 S.W.2d 886 (1992); *Thomas* v. *State*, 260 Ark. 512, 542 S.W.2d 284 (1976). The scope and nature of the writ of certiorari has been defined as follows:

> Certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy, and it is available to the appellate court in its exercise of super-

intending control over a lower court that is proceeding illegally where no other mode of review has been provided. *Lupo* v. *Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993). A demonstration of a plain, manifest, clear, and gross abuse of discretion is essential before this court will grant a petition for writ of certiorari. *Shorey* v. *Thompson*, 295 Ark. 664, 750 S.W.2d 955 (1988).

*Foreman*, 317 Ark. 146, 148, 875 S.W.2d 853, 854.

Petitioner was tried by jury in the Pulaski County Circuit Court on March 10 and 11, 1994, convicted of conspiracy to deliver a controlled substance (cocaine) in violation of Ark. Code Ann. § 5-3-401 (Supp. 1993), and sentenced to a term of imprisonment for eighteen years in the Arkansas Department of Correction; his direct appeal from the judgment of conviction is pending in the Court of Appeals. On March 11, 1994, at the conclusion of the culpability and sentencing proceedings and after the jury had been finally excused, petitioner asked the trial court to set an appeal bond whereupon the trial judge responded as follows:

THE COURT: Counsel, I have in front of me here something I received in the mail yesterday. Let me see if I can find what I did with it so I can tell you exactly. Yes. What is now entitled "The Officer Henry Callalan [sic] Memorial Post-Conviction Appeal Bond Elimination Act."

MR. DONAHUE [COUNSEL FOR STATE]: Your Honor, for the record, the State would object.

THE COURT: According to this Act, this Court shall not release the Defendant in any way upon appeal until number one, after an appeal has been filed, and then a hearing is held where you show this Court by clear and convincing evidence that he's not likely to flee, not a substantial risk the Defendant will commit a serious crime, intimidate witnesses, harass, or take retaliatory action against any juror or otherwise interfere with the administration of justice, or pose a danger to the safety of any other person, and that the appeal is not for the purpose of delay, and that it raises a substantial question of law or fact. This is an exact reversal of what we have had in the

rules that we've been following where the Court considers those things. It now appears that this Court must positively find by clear and convincing evidence that there's a strong possibility this trial's going to be reversed upon appeal as well as saying that this Court must be shown evidently by you now that you've got to show these things. One of the key factors of it is that it states that until an appeal is filed, this Court cannot consider bond.

On March 21, 1994, petitioner filed both his notice of appeal from the judgment of conviction, and his petition to set bail on appeal. The appeal bond hearing was conducted on April 1, 1994. At the conclusion of the evidence presented and arguments of counsel, the trial judge ruled as follows:

THE COURT: Counsel, this new statute which both counsel have been referring to, Act 3 of 1994, states that when Defendant has been found guilty and has filed an appeal, the Court shall not release the Defendant on bail or otherwise pending appeal unless the Court finds (a) by clear and convincing evidence that the person is not likely to flee, or that there is not a substantial risk Defendant will commit a serious crime, intimidate witnesses, harass or take retaliatory actions against any juror, or otherwise interfere with the administration of justice, or pose a danger to the safety of any other person. . . . Now, this is not a matter for the State to prove anymore. Under our new law you must prove to me by clear and convincing evidence that these matters are not so. I cannot find that, counsel. You must also show me that the appeal, by clear and convincing evidence, that the appeal is not for the purpose of delay, and that it raises a substantial question of law or fact. . . . I cannot find either by clear and convincing evidence either (a) or (b), much less both of them. So there will be no bond for appeal in this case.

We note preliminarily that the challenged Act was effective from and after its approval on March 4, 1994 and amended existing Ark. Code Ann. § 16-91-110 (Adv. Code Serv. April 1994), by adding certain Class Y felonies to those offenses for which appeal bond is prohibited. Otherwise, section 16-91-110, which has been in place since 1987, was unchanged by the 1994 legis-

lation. Therefore, as to the instant case, the Act did not alter the provisions of section 16-91-110 as codified in 1987.

Petitioner argues the provisions of the Act conflict with those of the Rules, and, therefore, the trial court acted "illegally" in applying the Act to his appeal bond request because the Rules control appeal bond procedures. The state argues the Act is valid because it is an expression of the General Assembly on a matter of substantive law, rather than procedure, and, therefore, the Act controls.

We disagree with the state's argument. In *Miller* v. *State*, 262 Ark. 223, 555 S.W.2d 563 (1977), in the context of a pre-trial appearance bond, we considered the issue of whether bail bond provisions are properly classified as "procedural" and within the scope of the criminal procedural rules adopted by this court. As was stated there "'[t]he test must be whether a rule really regulates procedure, — the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.'" *Id.* at 225-26, 555 S.W.2d at 564 (quoting *Sibbach* v. *Wilson*, 312 U.S. 1 (1924)). We determined there that such provisions are procedural and "merely provide the process or procedure by which a defendant, as here, may obtain pre-trial release on a charge arising out of his alleged violation of substantive law." *Miller*, 262 Ark. at 226, 555 S.W.2d at 564. We apply the same reasoning to the post-conviction appeal bond provisions and conclude they are "procedural" within the meaning of our court rules.

In considering petitioner's argument, we find it helpful to review the general state of the law on the subject of conflicts in the procedures contained in the Act and the Rules. The Arkansas Rules of Criminal Procedure were adopted by this court by per curiam order entered December 22, 1975, to be effective on January 1, 1976, pursuant to Act 470 of 1971, and in harmony with this court's superintending control over the trial courts under our state Constitution. *Matthews* v. *State*, 268 Ark. 484, 598 S.W.2d 58 (1980). That act specifically authorized this court to prescribe rules of practice and procedure with respect to all criminal case proceedings, and provided further that all laws in conflict with such rules are of no further effect after such rules have taken effect. Section 4, Act 470 of 1971.

We have recognized that, in the interests of promoting important public policies and state interests, the legislature will enact laws which will occasionally conflict with the rules of this court. *State* v. *Sypult*, 304 Ark. 5, 800 S.W.2d 402 (1990). In that event, we have declared that, to protect against the total abrogation of the rules of procedure vital to the interests and policies of the judicial process, "we will defer to the General Assembly, when conflicts arise, only to the extent that the conflicting court rule's primary purpose and effectiveness are not compromised; otherwise, our rules remain supreme." *Id.* at 7, 800 S.W.2d at 404; *Hickson* v. *State*, 316 Ark. 783, 785, 875 S.W.2d 492, 493 (1994) ("Statutes are given deference only to the extent that they are compatible with our rules, and conflicts which compromise these rules are resolved with our rules remaining supreme.") The purpose of Rule 36.5, the Rule primarily at issue here, was described by the drafting Committee for the criminal procedure rules in 1974 as follows:

> Rule 36.5 addresses eligibility for release pending appeal. Unlike present complementary authority, the rule does not speak solely in terms of money bail. Further it does not require that bail be fixed pending appeals of all non-capital convictions. *Cf.* § 43-2714 (Repl. 1964); *Lane et al.* v. *State*, 217 Ark. 428, 230 S.W.2d 480 (1950); *Walker* v. *State*, 137 Ark. 402, 209 S.W. 86 (1919). *Rather, Rule 36.5 establishes criteria requiring release pending appeal or fixing of bail only after a finding that disqualifying factors are not present[.]*

Arkansas Criminal Code Revision Committee, *Rules of Criminal Procedure, April 1974 Proposed Official Draft*, Commentary to Article X at p. 85 (emphasis added). We note the form of the Rule contained in the 1974 official draft was enacted in 1976, and remains unchanged at present.

The record here clearly establishes that the circuit court, in denying the appeal bond, operated under the misconception that the Act is superior to the Rules. Consequently, we grant the petition for writ of certiorari and remand the matter to the Pulaski County Circuit Court, for reconsideration of the petition to set bail on appeal.

HAYS and GLAZE, JJ., dissent.

BROWN, J., not participating.

STEELE HAYS, Justice, dissenting. The majority states that in the event of a conflict between rules of this court and laws enacted by the legislature, we will defer to the General Assembly only to the extent that our rule's "primary purpose and effectiveness are not compromised." *State* v. *Sypult*, 304 Ark. 5, 800 S.W.2d 402 (1990). The majority then simply declares, without analysis, that the statute in this case is in conflict with our rules.

In my estimation the element of conflict between our rules and Ark. Code Ann. § 16-91-110 (Supp. 1993), is nonexistent, and therefore no need to supersede is presented. The statute consists only of matters *supplementary* to our rules affecting appeal bonds. For purposes of this case, the only differences between the rules and the statute are:

> 1. § 16-91-110 (both the 1987 and 1994 versions) provides that the unlikelihood of the defendant fleeing, etc., must be shown by clear and convincing evidence. In A.R.Cr.P. 36.5, the same intent must be demonstrated, but no standard for the burden of proof is mentioned.

> 2. § 16-91-110 (both the 1987 and 1994 versions) requires that the defendant must show the appeal is not for purposes of delay and that the appeal raises a substantial question of law or fact. There is no similar or conflicting provision in our criminal procedure rules.

Even applying the holding of *Sypult, supra*, I fail to see how the "primary purpose and effectiveness" of our criminal rules on appeal bonds are "compromised," as there is simply an absence of conflict between the rules and the legislative enactment. The additions by the legislature merely supplement the rules and it has been our practice to harmonize the rules with legislative enactments whenever possible. See Morton Gitelman and John Watkins, *No Requiem for Ricarte*, 1991 Ark. L. Notes 27. The majority holding cuts too wide a path with its rule making authority and takes the *Sypult* holding farther than is judicially sound. That case has already been soundly criticized and today's decision only exacerbates the problems it created. *Id.*

In sum I find no basis for this court's nullification of the legislature's additions to this area of the law, and I respectfully dissent.

GLAZE, J., joins in this dissent.

BROWN, J., not participating.