The Honorable Shawn A. Womack State Representative P.O. Box 332 Mountain Home, AR 72654-0332
Dear Representative Womack:
You have requested an Attorney General opinion in response to the following question:
 Can an Arkansas judge validly deny the right to a commercial surety bond by imposing a "cash only" requirement in a criminal matter?
It is my opinion that under certain circumstances, discussed more fully below, an Arkansas judge can validly deny a commercial surety bond by imposing a "cash only" requirement in a criminal matter. It must be noted, however, that the propriety of bond can only be determined on a case-by-case basis, giving consideration to all of the attendant facts and circumstances.
As an initial matter, I note that the Arkansas Constitution provides that "[a]ll persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses. . . ." ARK. CONST., Art. 2, § 8. The Arkansas Supreme Court has held that this language guarantees an absolute right to bail in noncapital cases. See Henley v. Taylor,324 Ark. 114, 918 S.W.2d 713 (1996). However, the Arkansas court has interpreted this absolute right as being limitable. Id. Indeed, under Arkansas law, the setting of bond rests largely within the discretion of the trial court. Foreman v. State, 317 Ark. 146, 875 S.W.2d 853 (1994). This is not to say that the trial court has unlimited discretion in limiting bail. In order for a trial court, in the exercise of its discretion, to limit the absolute right to bail, the court must make certain factual inquiries and determinations. More specifically, the court must consider "all facts relevant to the risk of [the defendant's] willful nonappearance," [A.R.Cr.P. 9.2(a)], such as the factors outlined in Rule 9.2(c) of the Arkansas Rules of Criminal Procedure. The consideration of such factors should be aimed at determining the least restrictive means of assuring the defendant's appearance at trial. Thomasv. State, 260 Ark. 512, 542 S.W.2d 284 (1976). With regard to the imposition of a money bond, the court must use this limitation of the absolute right to bail only as a last resort, and only after it has determined, as a result of proper inquiry, that no other condition would ensure the defendant's appearance in court. Foreman, supra; Thomas v.State, 260 Ark. 512, 542 S.W.2d 284 (1976); A.R.Cr.P. 9.2(a), and Comment to Rule 9.2. See also Grey v. State, 276 Ark. 331, 334 S.W.2d 392
(1982). A failure of the court to conduct the proper inquiry and to choose the least restrictive form of bond constitutes error. See Henley, supra, Foreman, supra; Thomas, supra. Clearly, though, Arkansas case law allows for a limitation of the right to bail through the imposition of a "cash only" bond, provided that the court has conducted the proper inquiry and made the determination that no other condition would ensure the defendant's appearance.
I note that in your correspondence you referred to a decision of the Ohio Supreme Court, in which that court held that a trial judge could not require a "cash only" bond. See Jones v. Hendon, 66 Ohio St. 3d 115,609 N.E.2d 541 (1993). This Ohio case does not constitute precedential authority for Arkansas. Moreover, it is distinguishable under Arkansas' case law.
The Ohio case turned on the Ohio court's interpretation of a provision of the Ohio constitution, which (in language similar to that of Arkansas' constitution) states that "[a]ll persons shall be bailable by sufficient sureties" in noncapital cases. OHIO CONST., Art. 1, § 9. The Ohio court, in Jones v. Hendon, reaffirmed its previous interpretation of this provision as guaranteeing an accused person an absolute right to bail. The court went on to interpret that absolute right as precluding a judge's discretion to limit bail to a "cash only" bond. It is in this respect that Arkansas' case law differs from Ohio's. As previously discussed, the Arkansas Supreme Court, in contrast to the Ohio court, has interpreted Arkansas' constitutional provision concerning bail as granting an absolute, but limitable, right to bail.
The specific issue of a "cash only" bond arose in Foreman v. State,317 Ark. 146, 875 S.W.2d 853 (1994). Although the Arkansas Supreme Court held in that case that the imposition by the trial court of a "cash only" bond was improper, the holding was based on the fact that the trial court had not conducted the proper inquiry and had not based its decision on proper findings. The court did not question the trial court's ability to impose a "cash only" bond after having conducted the proper inquiry.
On the basis of these holdings of the Arkansas Supreme Court, I must conclude that an Arkansas judge can, in the exercise of his or her discretion, validly impose a "cash only" requirement in a criminal matter, provided that the judge has made the proper inquiries and factual determinations to support a conclusion that no other type of bail would ensure the defendant's appearance in court.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh