LANE, SMITH AND BARG *v.* STATE.

4600                                    230 S. W. 2d 480

Opinion delivered June 5, 1950.

*Per Curiam.* This Court after having on April 10, 1950, affirmed judgments of conviction against the petitioners herein, issued an order withholding its mandate

until June 1, 1950, in order to permit a petition for review by *certiorari* to be filed in the Supreme Court of the United States. Petitioners now state that the United States Supreme Court, due to lack of time, has not acted upon their request for review by *certiorari* and, due to the fact that the United States Supreme Court will shortly recess, no action can be taken on the petition for *certiorari* until the end of the recess, wherefore petitioners ask that this Court grant a further stay of its mandate and permit petitioners to remain free on bail pending final action by the United States Supreme Court on the petition for *certiorari*.

The right to bail pending appeal after conviction is at common law a matter of judicial discretion in the individual case. That rule is unchanged by the Arkansas Constitution (Art. II, §§ 8, 9), and is changed by our statute, Ark. Stats., § 43-2714, only as to certain appeals in criminal cases pending before the Supreme Court of Arkansas. The present case, involving petition for *certiorari* from this Court to the Supreme Court of the United States, does not come within § 43-2714. The common law rule of judicial discretion is here applicable.

The situation in the present case is the same as if Rule 46 (a) (2) of the Federal Rules of Criminal Procedure were applicable. This reads:

"Bail may be allowed pending appeal or *certiorari* only if it appears that the case involves a substantial question which should be determined by the appellate court. Bail may be allowed by the trial judge or by the appellate court or by any judge thereof or by the circuit justice."

This rule is of course not applicable in *certiorari* from this Court to the Supreme Court of the United States, but we quote it as illustrative of the reason for our conclusion in this case.

The majority of this Court are of the opinion that the record in the present case presents no substantial federal question which would justify the exercise of our discretion in favor of granting bail after conviction and

affirmance of conviction. We therefore refuse to stay the mandate further, and defendants are required to surrender themselves in accordance with the prior orders of this Court.