Chester PERRY *v.* STATE of Arkansas

CR 82-11                                    628 S.W. 2d 304

Supreme Court of Arkansas
Opinion delivered February 22, 1982

*Haskins & Wilson,* by: *John W. Achor,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for respondent.

GEORGE ROSE SMITH, Justice. Less than three weeks ago the petitioner was tried by jury, found guilty of first-degree murder and second-degree battery, and sentenced to concurrent terms of 40 and 6 years and to a $10,000 fine. Prior to trial Perry had been free on a $10,000 bond, set by a municipal judge; but after the return of the verdicts the circuit judge, without making written findings, fixed the appeal bond at $50,000. On the day after trial, counsel for

Perry filed a notice of appeal and also filed the present petition for certiorari, asking that we set aside the requirement of a $50,000 appeal bond and immediately release Perry on his original bond, pending appeal. There is no indication that counsel has applied to the circuit judge for a reduction of the appeal bond. A writ of certiorari lies to correct proceedings erroneous on their face. *Bridges* v. *Ark. Motor Coaches*, 256 Ark. 1054, 511 S.W. 2d 651 (1974). We find no such patent error and deny the petition.

Petitioner's argument is based on Rule 9.2 (e), A. R. Crim. P., which provides among other things that the pretrial release bond serves to guarantee subsequent appearances of the defendant on the same charge before any court, including appearances relating to appeals, and that a judicial officer (here the circuit judge) may upon making written findings increase the amount of a bond required by another judicial officer (here the municipal judge). It is accordingly argued that the circuit judge was without power to fix an increased appeal bond without making written findings.

The fallacy in this argument is its failure to distinguish between a pretrial release bond and an appeal bond. The pretrial bond is usually a matter of right. It is governed by Rule 9.2, which provides in subparagraph (c) (viii) that the judicial officer may consider the nature of the charges, the apparent probability of conviction, and the likely sentence as affecting the risk of nonappearance.

Even though the pretrial bond guarantees the defendant's appearance in appellate proceedings if the bond is still in force, that does not make it an appeal bond. Appeal bonds are governed by Rules 36.5, 36.6, and 36.7. When such a bond is to be set the circuit judge has already heard the evidence at the trial, knows the actual sentence imposed, and is thus in an improved position to weigh the risk of the defendant's nonappearance pending appeal. Moreover, under Rule 36.5 the trial judge may deny an appeal bond altogether and deliver the defendant to the custody of the sheriff, under conditions that were not even applicable when the pretrial bond was set. With respect to the appeal bond there is no

requirement that the trial judge make written findings in fixing the amount of the bond. If this petitioner thinks that the appeal bond is too high, his remedy is not in this court but in the trial court.

Writ denied.