For the reasons above stated I would reverse the case and remand it for a proper trial.

STATE of Arkansas *v.* Scotty SCOTT

CR 84-198                                          710 S.W.2d 212

Supreme Court of Arkansas
Opinion delivered June 9, 1986

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellant.

*John Wesley Hall, Jr.*, for appellee.

HERBERT C. RULE III, Special Justice. This case comes before us on appeal by the State of Arkansas under Arkansas Rules of Criminal Procedure 36.10(c) to review the decision of

the trial court granting a new trial to Scotty Scott ("Scott") based on newly discovered evidence. We affirm the grant of a new trial.

Scott was convicted of first degree murder and aggravated robbery in the death of Betty Thornton on November 6, 1981. While that judgment was on appeal to the Arkansas Court of Appeals, counsel for Scott discovered new evidence in the form of a confession by Henry Lucas ("Lucas"). The Court of Appeals remanded the case to the trial court to consider Scott's petition for a writ of error *coram nobis.*

On remand, the trial court reviewed the transcripts of Scott's two prior trials, heard the testimony of numerous witnesses, including Lucas, and concluded, under our holding in *Penn* v. *State*, 282 Ark. 571, 670 S.W.2d 426 (1984), that, despite the presumed validity of the jury verdict against Scott and the heavy burden borne by him, the writ ought to be granted to prevent a miscarriage of justice.

The standard of review by this Court is whether the lower court abused its discretion in granting the writ and a new trial. The State argues that the trial judge applied an erroneous standard of proof to the evidence presented. From a review of the entire record, we believe that the trial court properly applied the legal standards announced in *Penn* v. *State, supra*, and did not abuse its discretion. *Newberry* v. *State*, 262 Ark. 334, 557 S.W.2d 864 (1977).

Under our decisions, the writ of error *coram nobis* is a closely guarded remedy. In *Penn* v. *State, supra*, we said:

> By granting the right to petition the trial court, we do not in any way enlarge the other restrictions attendant to granting the writ. The trial court has the discretion to grant or deny it. The petitioner has a heavy burden to meet, especially in a case like this which must be approached with some skepticism for confessions by others are not uncommon. A written confession by another would not, alone, be grounds for relief. . . .

> We emphasize that we do not open the door to other petitions beyond those that would qualify under the facts in this case, especially the fact that it is presently between trial and appeal and can easily provide for an early hearing

before the court that just heard the case. The petition was timely filed and if the confession is true, an injustice would obviously result if it were not granted.

The trial judge weighed the credibility of the witnesses and noted the internal conflicts in Lucas' confession as well as the inconsistency between his testimony at the hearing and his earlier statements to the police. Lucas' confession is obviously material to the guilt or innocence of Scott. It is the trial court's proper function to review newly discovered evidence, evaluate it and, where its exclusion would cause a grave miscarriage of justice, grant a new trial.

Scott argues on cross appeal that the State wrongly withheld Lucas' confession and, for that reason, we should grant sanctions against the State. Lucas' confession, even with its inconsistencies, was clearly exculpatory of Scott, and the arguments for withholding it are not impressive. Although we do not believe sanctions are in order, we would caution prosecutors to comply fully with the letter and spirit of Rule 17, Arkansas Rules of Criminal Procedure in the future.

Finally, we deny Scott's request for affirmance for the State's failure to abstract the record properly. *Brace* v. *Busboon*, 261 Ark. 556, 549 S.W.2d 802 (1977).

Affirmed.

Special Justice Kelvin Wyrick concurs.

HOLT, C.J., and PURTLE, J., not participating.