Sylvia Dianne VINEYARD *v.* STATE of Arkansas

CA CR 89-147                                            782 S.W.2d 370

Court of Appeals of Arkansas
En Banc
Opinion delivered November 8, 1989

*Don G. Gillaspie*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

PER CURIAM. On June 1, 1989, a motion for rule on clerk was

filed in this case in the Arkansas Supreme Court under number RC 89-25. The motion, signed by appellant's attorney, alleged the appellant had been convicted of manslaughter in the Union Circuit Court and by "Judgment and Commitment Order dated March 29, 1988, sentenced to imprisonment for a term of ten (10) years in the Department of Correction." The motion also alleged that a notice of appeal had been filed and the time for lodging the record on appeal had been extended to August 15, 1988.

The motion for rule on clerk further alleged that counsel for appellant (there is no indication that counsel was court-appointed) received the record on appeal within the period for lodging the record as extended by the trial court, but due to counsel's fault the record was not filed in the appellate court within that period. The motion prayed for a rule directing the appellate court to file the record. On June 19, 1989, the Arkansas Supreme Court granted the motion on the basis that appellant's attorney "admits that the failure to file the record in time was due to fault on his part." And on that date, June 19, 1989, the record was filed in the Arkansas Court of Appeals.

However, prior to the filing of the record on appeal, the trial court, on May 30, 1989, entered an order revoking appellant's appeal bond for the reason that the record had not been filed in the appellate court. Therefore, after the record had been filed in the Court of Appeals, the appellant, on August 3, 1989, filed a "Petition for Certiorari or Motion for Mandamus" in the Court of Appeals alleging that the trial court had revoked appellant's bond without a hearing and asking the appellate court to reinstate the bond or to reinvest the trial court with authority to conduct a hearing on appellant's motion for bond and to certify the record of that hearing to this court. On August 16, 1989, under the authority of *Perry* v. *State*, 275 Ark. 170, 628 S.W.2d 304 (1982), this court entered an order reinvesting the trial court with jurisdiction to hear the motion for bail.

Thereafter, on October 17, 1989, the appellant filed in this court a "Motion to Supplement the Record and Motion for Bail on Appeal" alleging that the trial court had held a hearing on August 29, 1989, but had denied appeal bail to appellant, and appellant prayed that this court review the action of the trial court and issue an order admitting appellant to bail.

We have reviewed the record of the trial court's action taken in response to our per curiam of August 16, 1989. This record was tendered in two parts. The first portion was tendered September 25, 1989, and contains a copy of the trial court's docket showing a hearing held on August 28, 1989, pursuant to our per curiam. The second portion of the record was tendered on October 17, 1989, and contains the testimony taken at the trial court's hearing and the court's written order entered on October 2, 1989, denying bail.

The record before us shows that at the beginning of the hearing conducted pursuant to our per curiam, the trial court reminded counsel for appellant that after the appellant had been sentenced on March 29, 1988, she was at that time permitted to remain on bond; that the trial transcript had been filed with the clerk of the trial court on June 23, 1988, and picked up by appellant's counsel on July 27, 1988; and that the transcript was not filed in the appellate court until June 19, 1989, when the Arkansas Supreme Court granted a motion for rule on the clerk. The trial court clearly informed counsel that his delay in filing the record on appeal was the primary reason the appellant's bond had been revoked on May 30, 1989 (almost a year after counsel had picked up the record from the clerk of the trial court). And the trial court clearly informed counsel that it was the court's opinion that under Ark. Code Ann. § 16-91-110(b)(2) (Supp. 1987) (as amended by Act 31 of 1987), counsel had the burden of establishing that the appeal was "not for the purpose of delay and that it raises a substantial question of law or fact." Counsel for appellant, however, made only general references to issues he was in the process of briefing for the appellate court, stated he did not have his notes on those issues with him, but contended that the issues he would raise on appeal were "not frivolous."

A deputy prosecuting attorney told the trial judge that the state "would clearly disagree" with appellant as to whether the appeal had any merit. He stated that the issues on appeal referred to by appellant's counsel concerned admissibility of evidence and reminded the court that this matter had been briefed for the trial court before trial and that the court had ruled on the questions presented based on "the case law as presented by both parties."

The trial judge concluded the hearing by giving counsel for

appellant ten days in which to submit a "written brief or any written matter" to convince the court that the appeal was not for delay but raised a substantial question of law. Counsel told the judge he would be "happy to do that" and stated that ten days would "be sufficient."

However, the supplemental record filed here shows that the trial judge entered a written order stating no brief had been submitted to the court; the court was convinced that the appeal was "filed for purpose of delay"; and the appellant's motion for bond on appeal was denied.

In appellant's "Motion to Supplement the Record and Motion for Bail on Appeal," filed in this court on October 17, 1989, appellant's counsel admits that no brief was filed with the trial court; alleges that he has now filed the appellant's brief in *this* court which shows there is merit to the appeal; and states that the appellant has now been incarcerated in the Department of Correction.

We find that the trial judge's action in refusing to release the appellant to bail pending appeal is supported by the record before us. In *Perry* v. *State*, 275 Ark. 170, 628 S.W.2d 304 (1982), the court said:

> Appeal bonds are governed by [Criminal Procedure] Rules 36.5, 36.6, and 36.7. When such a bond is to be set the circuit judge has already heard the evidence at the trial, knows the actual sentence imposed, and is thus in an improved position to weigh the risk of defendant's nonappearance pending appeal. Moreover, under Rule 36.5 the trial judge may deny an appeal bond altogether and deliver the defendant to the custody of the sheriff, under conditions that were not even applicable when the pretrial bond was set. With respect to the appeal bond there is no requirement that the trial judge make written findings in fixing the amount of the bond. If this petitioner thinks that the appeal bond is too high, his remedy is not in this court but in the trial court.

275 Ark. at 171-172. Criminal Procedure Rule 36.5 provides persons convicted of crimes other than capital offenses shall be admitted to bail or otherwise set at liberty by the trial court except

if the court finds:

(a)

(i) there is substantial risk that the defendant will not appear to answer the judgment following conclusion of the appellate proceedings; or

(ii) there is substantial risk that the defendant will commit a serious crime, intimidate witnesses, harass or take retaliatory action against any juror, or otherwise interfere with the administration of justice.

A comparison of the above provisions of Rule 36.5(a) and the provisions of Ark. Code Ann. § 16-91-110(b)(1) (Supp. 1987), referred to by the trial court, reveals that they cover the same things except that the code adds "or pose a danger to the safety of any other person" after the words "or otherwise interfere with the administration of justice." Paragraph (b) of Rule 36.5 provides:

(b) In making the release determination the trial court shall take into account the nature of the crime and sentence imposed in addition to the factors enumerated in Rule 8.5(b) as relevant to a release decision.

One of the factors set out in Rule 8.5(b) is (vi) "the nature of the current charge and any mitigating or aggravating factors that may bear on the likelihood of conviction and the possible penalty." Ark. Code Ann. § 16-91-110(b)(2) (Supp. 1987) provides that a criminal defendant sentenced to imprisonment may not be released on bail pending appeal unless the court finds: "That the appeal is not for the purpose of delay and that it raises a substantial question of law or fact."

Thus, it is clear that Ark. Code Ann. § 16-91-110 makes substantially the same requirements for bond on appeal as does Criminal Procedure Rule 36.5 (including the factor set out in Rule 8.5(b)(vi), referred to in Rule 36.5). The trial court specifically found in its order entered on October 10, 1989, that "bond on appeal is denied in accordance with [Ark. Code Ann.] 16-91-110(b)(1) and (2). Both the code and the rule require that the trial court consider whether the criminal defendant (1) will appear at the conclusion of the appellate proceedings, and (2) the likelihood of conviction. We think the record before us supports

the trial court's order in both respects. Although the evidence shows the appellant contacted the sheriff's office each day (after the trial court revoked her bond) to see if there was space in the Department of Correction for her, this does not necessarily mean she could be found if she were on bail when her ten-year sentence was affirmed on appeal. At least, this is a matter for the trial court to decide.

Moreover, the record made before the trial court clearly supports its finding that this appeal is for the purpose of delay and does not raise a substantial question of law or fact, and we think that alone is sufficient to support the trial court's order denying bail pending appeal.

The motion for bail pending appeal is denied, and the clerk of this court is directed to file the supplemental record tendered September 25, 1989, and the supplemental transcript tendered October 17, 1989, as parts of the record in this case.