Gregory R. LARIMORE *v*. STATE of Arkansas

CR 99-513                                      3 S.W.3d 680

Supreme Court of Arkansas
Opinion delivered November 11, 1999

*Daniel G. Ritchey*; *Bill W. Bristow*; and *Kent J. Reubens*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellee.

LAVENSKI R. SMITH, Justice. Gregory Larimore ("Larimore") appeals the trial court's denial of pretrial bail pending the State's appeal from the grant of a writ of error *coram nobis*. The trial court declined to set bond finding it premature to do so prior to the resolution of the State's appeal. We find no error and affirm.

*Facts*

While this particular appeal comes before us on the limited issue of bail, some background to this case is necessary to understand the posture of this petition. This is the fourth Larimore appeal. The Crittenden County Circuit Court convicted Larimore of the first-degree murder of June Larimore, his wife, in 1990. We reversed the conviction and remanded the case for a new trial in an opinion dated May 26, 1992 (*"Larimore I"*)[1]. After retrial in 1993, the jury again returned a verdict of guilty. On appeal, we affirmed the second conviction on May 23, 1994 (*"Larimore II"*)[2]. Larimore filed a petition for postconviction relief under Ark. R. Crim. P. 37, based on allegations of prosecutorial misconduct in failing to expose exculpatory evidence to the defense. The State moved to dismiss, and Larimore amended his petition to assert, in the alternative, that he was entitled to relief through a writ of error *coram nobis*. The trial court dismissed the motion, and Larimore appealed to this court from that order of dismissal. In an opinion dated February 10, 1997 (*"Larimore III"*)[3], we affirmed the motion to dismiss the Rule 37 petition, reversed the finding that the time limits of a Rule 37 petition apply to a writ of error *coram nobis*, and granted leave to the circuit court to determine whether a writ of error *coram nobis* should be issued.

---

[1] *Larimore v. State*, 309 Ark. 414, 833 S.W.2d 358 (1992).
[2] *Larimore v. State*, 317 Ark. 111, 877 S.W.2d 570 (1994).
[3] *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997).

### Coram Nobis and Pretrial Bail

On March 25, 1999, following a hearing, the Crittenden County Circuit Court granted Larimore's writ of error *coram nobis*. The writ set aside Larimore's 1993 conviction and ordered a new trial. On March 29, 1999, Larimore filed a motion for pretrial release and bail, requesting that he be released on a $150,000 bond, the same sum the court set for him pending his first appeal and second trial. Larimore has been incarcerated since 1994 when we affirmed his conviction in *Larimore II*.

On April 1, 1999, the State appealed from the grant of the writ of error *coram nobis*. On April 5, 1999, the trial court held a hearing on Larimore's motion for pretrial release and bail. At the hearing, the trial court did not take testimony, but did hear oral arguments from the attorneys. Larimore argued that the granting of the writ placed him in the same legal status as that he held prior to his first conviction in 1990. After oral arguments, the trial court denied bail finding that Larimore is not eligible for bond release unless and until the writ of error *coram nobis* survives appellate review. Near the close of the hearing the court stated:

> There's been no change in the order that was entered by the Court in '94 or whenever it was. Until the supreme court acts on this appeal here, it's still the — everything is about the same as it was before the court ruled — this court ruled. So it's subject to appeal. And, therefore, the defendant is not entitled to a bond at this point until the appeal has been acted upon. So, the defendant's petition for pretrial release is denied.

In the subsequent written order filed April 27, 1999, the trial court denied bail finding that the writ would not become effective until upheld on appeal. Larimore immediately filed his notice of appeal from the denial of pretrial release and bail.

On appeal, Larimore argues that the issue before this Court is whether the State's filing of a notice of appeal from the grant of the writ of error *coram nobis* deprived the trial court of both the right and duty to set bond where there has been no conviction. Larimore contends that since the writ vacated his conviction and ordered a new trial, it is as if Larimore had never been convicted of a crime. As such, he should be entitled to pretrial bail because

pretrial bail is available in all except capital crimes, and he was not charged with a capital crime.

The State counters Larimore's contentions by arguing that its appeal, in effect, stayed the writ and new trial. The State argues that Larimore now occupies the same position he occupied when he was last convicted, and until the supreme court acts, Larimore remains convicted of first-degree murder. The State asserts Larimore thus stands convicted of a crime, and the State is appealing a judgment undoing that verdict. Furthermore, Ark. R. App. P.— Crim. 6(b)(3) does not allow release of one convicted of first degree-murder under any circumstance.

This matter is before this court on an appeal from the denial of bail. We have treated such an appeal as a petition for writ of certiorari. *Duncan v. State,* 308 Ark. 205, 823 S.W.2d 886 (1992) (citing *Thomas v. State,* 260 Ark. 512, 542 S.W.2d 284 (1976)); *Perry v. State,* 275 Ark. 170, 628 S.W.2d 304 (1982). Writs of certiorari have been labeled the appropriate vehicle for relief in bail proceedings. *See, e.g., State v. Pulaski County Circuit Court,* 326 Ark. 886, 934 S.W.2d 915 (1996); *Casement v. State,* 318 Ark. 225, 884 S.W.2d 593 (1994). In *Foreman v. State,* 317 Ark. 146, 875 S.W.2d 853 (1994), we stated:

> Certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy, and it is available to the appellate court in its exercise of superintending control over a lower court that is proceeding illegally where no other mode of review has been provided. *Lupo v. Lineberger,* 313 Ark. 315, 855 S.W.2d 293 (1993). A demonstration of plain, manifest, clear, and gross abuse of discretion is essential before this court will grant a petition for writ of certiorari. *Shorey v. Thompson,* 295 Ark. 664, 750 S.W.2d 955 (1988).

*Foreman,* 317 Ark. at 148. As such, this case is properly before us on a writ of certiorari filed by Larimore to secure his release on pretrial bail.

### Availability of bail/release

Article 2, § 8, of the Arkansas Constitution provides that "All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when proof is evident or the

presumption great." Stated another way, a criminal defendant has an absolute right before conviction, except in capital cases, to a reasonable bail. *Henley v. Taylor*, 324 Ark. 114, 918 S.W.2d 713 (1996); *Reeves v. State*, 261 Ark. 384, 548 S.W.2d 822 (1977); *Duncan, supra.* A bond on appeal, however, is not an absolute right. *Perry, supra.* Bail on appeal is governed by Rule 6 of the Arkansas Rules of Appellate Procedure—Criminal. Most notable for this case is that bail on appeal is not available for one who has been found guilty of murder in the first degree. Ark. R. App. P.—Crim. 6. As such, the only type of bail to which Larimore could possibly be entitled would be "pretrial" bail under Article 2, § 8, of the Arkansas Constitution and Rule 9.2 of the Arkansas Rules of Criminal Procedure.

The State argues, and the trial court apparently held, that the State's filing of a notice of appeal acted to suspend the effective date of the grant of the writ of error *coram nobis.* The State argues that the trial court's order denying pretrial bail was entered with the intent of staying the grant until this court could consider the State's appeal. We agree.

When a trial court grants a writ of *coram nobis*, the remedy is a new trial. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984). However, the remedy's grant is suspended pending the outcome of the State's appeal of its appropriateness. Consequently, at this juncture, Larimore stands convicted of first-degree murder and is ineligible for pretrial bail pursuant to Ark. R. App. P.—Crim. 6(b)(3). The trial court, therefore, did not err when it denied Larimore's request for such relief.

Affirmed.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I agree with the majority opinion, but I cite the case of *State v. Scott*, 289 Ark. 234, 710 S.W.2d 212 (1986), as added authority supporting the decision reached by this court.

Gregory R. Larimore was convicted for murdering his wife, but we reversed that conviction. *Larimore v. State*, 309 Ark. 414, 833 S.W.2d 358 (1992). On remand, Larimore was again convicted, and this second murder conviction was affirmed. *Larimore v. State*,

317 Ark. 111, 877 S.W.2d 570 (1994). Larimore then filed a petition for postconviction relief under Ark. R. Crim. P. 37, which we denied as being untimely. *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997). However, after denying Rule 37 relief, the court reinvested the trial court with jurisdiction to hear Larimore's petition for a writ of error *coram nobis* and to decide whether a writ should be granted. *Id.* at 282. On March 25, 1999, the trial court granted Larimore's request for writ, ordered his conviction to be set aside, granted a new trial, and scheduled the new trial for June 22, 1999.

On March 29, Larimore filed a motion asking that he be released on bond, and asserting that he should be treated as not having been convicted, but instead as one who has only been charged. The trial court correctly denied Larimore's motion. The State appealed the trial court's March 25 decision, so a nonconviction status cannot as yet be attributed to Larimore. The State's pending appeal is docketed as CR99-618.

Although Larimore submits the State has no right to appeal the trial court's granting of a writ, this court has allowed such an appeal in *State v. Scott*, 289 Ark. 234, 710 S.W.2d 212 (1986) (*coram nobis* appeal by the State). In *Scott*, this court reviewed whether the trial court there abused its discretion in granting the writ and a new trial. The *Scott* court affirmed the trial court's ruling, but it was only after that appellate decision was made that the defendant, Scott, was entitled to a new trial.

In sum, because this court has recognized the State's authority to defend its criminal judgment against collateral attack, I join with the majority court in affirming the trial court's ruling finding Larimore ineligible for bail under Ark. R. App. P.—Crim. 6(b)(3) (1999).