John Michael MEEKS *v.* STATE of Arkansas

CR 00-303                                    19 S.W.3d 25

Supreme Court of Arkansas
Opinion delivered June 15, 2000

*John S. Patterson*, Judge;

Laws & Murdoch, P.A., by: *Ike Allen Laws, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. This is an interlocutory appeal from the Pope County Circuit Court's denial of postconviction bail. Appellant's only point for reversal is that Ark. R. App. P.—Crim. 6(b)(3) is unconstitutional because it prohibits persons convicted of certain crimes from being released on bond pending appeal. Our jurisdiction of this matter is pursuant to Ark. Sup. Ct. R. 1-2(b)(1). We find no merit and affirm.

■■ We treat an appeal from the denial of bail as a petition for a writ of certiorari. *Larimore v. State*, 339 Ark. 167, 3 S.W.3d 680 (1999); *Duncan v. State*, 308 Ark. 205, 823 S.W.2d 886 (1992) (citing *Thomas v. State*, 260 Ark. 512, 542 S.W.2d 284 (1976)); *Perry v. State*, 275 Ark. 170, 628 S.W.2d 304 (1982). This court has stated that a writ of certiorari is the appropriate vehicle for relief in bail proceedings. *Larimore*, 339 Ark. 167, 3 S.W.3d 680. In *Foreman v. State*, 317 Ark. 146, 875 S.W.2d 853 (1994), this court stated:

> Certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy, and it is available to the appellate court in its exercise of superintending control over a lower court that is proceeding illegally where no other mode of review has been provided. *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993). A demonstration of plain, manifest, clear, and gross abuse of discretion is essential before this court will grant a petition for writ of certiorari. *Shorey v. Thompson*, 295 Ark. 664, 750 S.W.2d 955 (1988).

*Id.* at 148, 875 S.W.2d at 854 (1994). Accordingly, we will treat Appellant's appeal as a petition for a writ of certiorari.

The record reflects that on October 13, 1999, Appellant John Michael Meeks was convicted of one count of rape, a Class Y felony, in violation of Ark. Code Ann. § 5-14-103 (Repl. 1997). Appellant was sentenced to a term of seventeen years in the Arkansas Department of Correction. An appeal of that conviction was timely filed with the Arkansas Court of Appeals. After filing his notice of appeal, Appellant filed a motion requesting bail pending a determination of his appeal. The trial court granted Appellant a hearing on his motion but found that under Rule 6(b)(3) it had no discretion to allow bail.

■ Before considering the merits of Appellant's argument, we must address a procedural issue raised by the State. The State argues as an initial point that Appellant is barred from proceeding with this appeal because he failed to include a notice of appeal of his conviction in the record submitted to this court. Specifically, the State alleges that Appellant lacks standing to complain of his denial of bail on appeal because he has failed to demonstrate that he suffered an injury. We disagree. The trial court's order denying bail stated that Appellant had timely filed a notice of appeal. Moreover, Appellant filed a motion to supplement the record with the notice of appeal, and this court granted his motion. Therefore, we are satisfied that Appellant has standing to raise an argument regarding the denial of bail pending appeal.

■ Having determined that the State's procedural argument is without merit, we now turn to the merits of Appellant's argument on appeal. For reversal, Appellant argues that Rule 6(b)(3) is unconstitutional. The State contends that Appellant's argument on appeal is meritless because there is no constitutional right to bail. The State is correct in its assertion that there is no constitutional right to bail. Article 2, § 8, of the Arkansas Constitution provides a right to bail only in preconviction situations. Nothing in our constitution or the United States Constitution guarantees a person convicted of a crime the right to bail pending appeal. In fact, at common law, the right to bail pending appeal was a matter of judicial discretion. *Lane, Smith, & Barg v. State*, 217 Ark. 428, 230 S.W.2d 480 (1950). This common-law rule was modified by Act 3 of 1984, which provided the right to bail pending appeal in certain

cases only. Act 3 was struck down by this court in *Casement v. State*, 318 Ark. 225, 884 S.W.2d 593 (1994), as it conflicted with rules promulgated by the court. Even though the Act was struck down by this court, the language in the current version of Rule 6(b)(3) closely traces the language of that Act. Rule 6(b)(3) provides:

> When the defendant has been found guilty, pleaded guilty, or pleaded nolo contendere to murder in the first degree, rape, aggravated robbery, or causing a catastrophe, or kidnapping or arson when classified as a Class Y felony, and he has been sentenced to death or imprisonment, the trial court shall not release him on bail or otherwise, pending appeal or for any reason.

■ Appellant, in the point heading of his brief, asserts that this rule is unconstitutional in that it prohibits release on appeal in certain cases, without providing a hearing, thus depriving him of his due-process rights under the 5th Amendment of the United States Constitution. A review of Appellant's argument in its entirety, reveals that he bases his challenge to the constitutionality of Rule 6(b)(3) on the faulty premise that the rule is superseded by federal provisions governing bail on appeal. Appellant cites no authority in support of his novel proposition. He simply claims that under federal law he is entitled to a hearing. This argument is without merit.

■ This court has stated that it is bound by its own set of criminal procedure rules. *Grinning v. City of Pine Bluff*, 322 Ark. 45, 907 S.W.2d 690 (1995) (citing *Vinston v. Lockhart*, 850 F.2d 420, 424 (1988)). In *Grinning*, this court rejected the appellant's contention that she was entitled to a twelve-member jury panel under the United States Constitution because there was no federal rule binding in state courts that required a twelve-member jury panel. *Id.* In so holding, the court noted that the appellant was tried in state court for a state crime and that there were no federal issues presented by the appeal. Likewise, in *Vinston*, the Eighth Circuit Court of Appeals rejected the appellant's contention that he had a right to a twelve-member jury panel pursuant to a federal rule of criminal procedure. *Id.* at 423. Here, we have an Appellant who was convicted in state court for a violation of a state statute. He is seeking bail while his case is on appeal to a state appellate court. Thus, our State rules governing criminal procedures are applicable, not the federal rules. Accordingly, Appellant's argument is without merit.

Affirmed.