## Sammy O. SMITH *v.* STATE of Arkansas

CR 01-434                                          48 S.W.3d 529

Supreme Court of Arkansas
Opinion delivered July 9, 2001

*John Wesley Hall*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp, Sr.* Ass't Att'y Gen., for appellee.

Tom Glaze, Justice. This appeal arises from the trial court's denial of bail on appeal under Ark. R. App. P.—Crim. 6(b)(3), and requires us to examine the constitutionality of that rule. We thus have jurisdiction under Ark. Sup. Ct. R. 1-2(a)(1) and (b)(6).

Sammy Smith was convicted of first-degree murder on September 1, 2000, and sentenced to forty years' imprisonment. That same day, he was released on a $50,000 appeal bond after the trial court made a finding that he would not be a flight risk. In March of 2001, however, the prosecutor sent a letter to the trial court, stating that he had just been informed of Smith's release and requesting that the court revoke the appeal bond under Rule 6. On March 30, 2001, the court issued a show cause order directing Smith to appear and show cause why his bond should not be revoked. At the show-cause hearing, held April 2, 2001, Smith argued that a blanket

denial of bail on appeal in certain classes of cases was unconstitutional. The prosecutor responded by pointing to Rule 6, which does not allow for an appeal bond when the defendant has been convicted of first-degree murder. The trial court agreed with the State that the appeal bond was inconsistent with Rule 6, and revoked Smith's bail. From that decision, Smith brings this appeal, arguing that Rule 6 amounts to a violation of the prohibition against excessive bail found in the Eighth Amendment of the United States Constitution, as well as in Ark. Const. art. 2, § 9.

■ ■ This court treats an appeal from the denial of bail as a petition for a writ of certiorari. *See, e. g., Meeks v. State*, 341 Ark. 620, 9 S.W.3d 25 (2000); *Larimore v. State*, 339 Ark. 167, 3 S.W.3d 680 (1999). In *Meeks* we stated the standard of review in such cases as follows:

> Certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy, and it is available to the appellate court in its exercise of superintending control over a lower court that is proceeding illegally where no other mode of review has been provided. *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993). A demonstration of a plain, manifest, clear, and gross abuse of discretion is essential before this court will grant a petition for writ of certiorari. *Shorey v. Thompson*, 295 Ark. 664, 750 S.W.2d 955 (1988).

*Meeks*, 341 Ark. at 621; *see also Larimore*, 339 Ark. at 170.

We first examine the rule in question here. Ark. R. App. P.— Crim. 6(b)(3) provides as follows:

> *When the defendant has been found guilty,* pleaded guilty, or pleaded nolo contendere to *murder in the first degree,* rape, aggravated robbery, or causing a catastrophe, or kidnapping or arson when classified as a Class Y felony, and *he has been sentenced to* death or *imprisonment, the trial court shall not release him on bail or otherwise, pending appeal or for any reason.*[1] (Emphasis added.)

---

[1] Rule 6 was formerly Ark. R. Crim. P. 36.5. In March of 1994, the General Assembly passed Act 3, governing bail on appeal after conviction. This court, however, struck down that statute in *Casement v. State*, 318 Ark. 225, 884 S.W.2d 593 (1994), having found that the act conflicted with postconviction appeal procedures established by rules of the court. However, the language of Rule 6 is nearly identical to that of Act 3 of 1994, reflecting only minor differences in wording that do not change the substance of the rule. *See In re: In re: Adoption of Revised Rules of Appellate Procedure*, 321 Ark. Appx. 663, 900 S.W.2d 560 (1995)

Smith contends that this rule is in conflict with the right to be free from excessive bail. However, we note certain internal inconsistencies in his argument and essential flaws in his reasoning. Namely, at one point in his brief, Smith insists that the right to bail is a fundamental constitutional right under the Eighth Amendment, yet a mere two pages later, he asserts that he does not argue that there is a constitutional right to bail. Rather, he contends that he has a right not to have bail denied by arbitrary means, and he urges this court to fall back on the common law view that the right to bail pending appeal after conviction was a matter of judicial discretion. *See Lane v. State*, 217 Ark. 428, 230 S.W.2d 480 (1950).

■ ■ As we recently pointed out, this common-law rule was modified by Act 3 of 1994, which provided the right to bail pending appeal in certain cases only. *Meeks v. State*, 341 Ark. 620, 622-23, 19 S.W.3d 25, 26 (2000). Further, even though this court struck down Act 3, the language in the current version of Rule 6 tracks that of the act. *Id.* at 623. Of course, this court is free to amend the common law, *see Shannon v. Wilson*, 329 Ark. 143, 947 S.W.2d 349 (1997), and the General Assembly has that power as well. *See Hartford Ins. Co. v. Mullinax*, 336 Ark. 335, 984 S.W.2d 812 (1999). Were it not so, and we were required to "read constitutional provisions . . . to say that the common law must remain as it stood in 1874[, it] would prevent the legislature from adjusting the law to the changes of time and circumstance." *White v. City of Newport*, 326 Ark. 667, 933 S.W.2d 800 (1996).

■ Smith cites several United States Supreme Court memorandum opinions which state that the Eighth Amendment's requirement that excessive bail shall not be required "at the very least obligates judges passing on the right to deny such bail only for the strongest of reasons." *Sellers v. United States*, 89 S. Ct. 36, 38 (1968) (Black, J., in chambers); *Harris v. United States*, 404 U.S. 1232, 1232-33 (1971) (Douglas, J., in chambers). However, these memoranda are not decisions of the entire Court, but rather are written by individual justices in their capacity as Circuit Justices for the federal circuit courts of appeal. As such, they are not binding on this court. *See, e. g., State v. Maccioli*, 265 A.2d 561 (N.J. Super. 1970).

■ Simply stated, there is a distinction between pretrial bonds and appeal bonds. Article 2, § 8, of the Arkansas Constitution

(per curiam).

provides that "[a]ll persons shall, *before conviction*, be bailable by sufficient sureties, except for capital offenses, when proof is evident or the presumption great." (Emphasis added.) This court emphasized the difference between pretrial and appeal bonds in *Larimore v. State*, 339 Ark. 167, 3 S.W.3d 680 (1999), where we noted that a criminal defendant has an absolute right before conviction, except in capital cases, to a reasonable bail; however, a bond on appeal is not an absolute right. *Id.* at 171 (citing *Henley v. Taylor*, 324 Ark. 114, 918 S.W.2d 713 (1996); *Perry v. State*, 275 Ark. 170, 628 S.W.2d 304 (1982)). We noted further that "[b]ail on appeal is governed by Rule 6 of the Arkansas Rules of Appellate Procedure—Criminal. Most notable for this case is that bail on appeal is not available for one who has been found guilty of murder in the first degree." *Id.*

■ Because nothing in our constitution or the United States Constitution guarantees a person convicted of a crime the right to bail pending appeal, *Meeks*, 341 Ark. at 622, we therefore hold that Rule 6's denial of bail to those convicted of certain crimes does not constitute an "excessive bail" in violation of the Eighth Amendment or Ark. Const. art. 2, § 9.[2] The trial court, therefore, did not err when it revoked Smith's appeal bond.

---

[2] Ark. Const. art. 2, § 9, in pertinent part, provides that "[e]xcessive bail shall not be required."