Robert Earl CHERRY *v.* STATE of Arkansas

CA CR 02-61 86 S.W.3d 407

Court of Appeals of Arkansas
Division II
Opinion delivered October 9, 2002

*Kearney Law Offices*, by: *John L. Kearney*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Appellant, Robert Cherry, appeals the revocation of his appeal bond and the denial of his motion to reconsider. On appeal, he asserts that the "revocation of [his] post-trial release on appeal bond [was] not supported by the greater weight of credible and convincing evidence," and that "the transfer of a given inmate from one incarceration, county jail, into another incarceration, the Arkansas Department of Correction, does not thereby automatically divest the cognizant circuit court of it's [*sic*] jurisdiction to rehear and/or reconsider prior results or rulings." We find no abuse of discretion; therefore, we affirm.

On August 10, 2001, appellant was convicted of multiple felony drug offenses and sentenced to forty years' imprisonment. Appellant subsequently filed a notice of appeal.[1] Appellant was released on an appeal bond on August 13, 2001. His release was conditioned upon him not using any controlled substances, submitting to random drug testing, reporting weekly to the sheriff, and not violating any criminal laws. On August 29, 2001, the

---

[1] The appeal of his underlying conviction is docketed at CACR02-226.

State filed a motion requesting the revocation of appellant's appeal bond because he had tested positive for amphetamine.

A hearing on the motion was held on September 4, 2001. At the hearing, Robert Beasley, an employee of Drew Memorial Hospital, testified that on the night of August 28, 2001, appellant was brought to the hospital for a drug test by Officers Jeff May and Ben Philly. Beasley stated that he informed the officers that the drug test could not be performed until the next day because he was unsure as to whether the testing equipment had been calibrated. However, at the insistence of Officer May, Beasley stated that he went ahead and performed the drug test. Beasley testified that appellant tested positive for amphetamine. He stated that the test indicated an amphetamine level of 1,240.42 ng/mL. Beasley testified that Aleve would not cause an amphetamine level that high, and that he was unaware of any particular over-the-counter medication that would cause such a result. During his testimony, Beasley stated that he was unsure as to whether Officer May was ever left alone with appellant's specimen.

Officer Jeff May testified that he worked for the drug task force. He stated that he and Officer Philly picked appellant up for a drug test in accordance with the conditions of appellant's bond. Officer May denied altering appellant's specimen; however, he could not remember if he was ever left alone with the specimen.

Appellant testified that he took several Aleve on August 28. He stated that Aleve is sold over the counter. Appellant asserted that Aleve contains amphetamine. He also asserted that Officer May was left alone with his specimen.

The court found probable cause to revoke appellant's appeal bond. On September 19, 2001, appellant filed a motion to reconsider. The court denied the motion. Appellant now appeals.

 In his first point on appeal, appellant asserts that the trial court erred when it revoked his appeal bond. An appeal from the denial of bail is treated as a petition for a writ of certiorari. *Meeks v. State*, 341 Ark. 620, 19 S.W.3d 25 (2000). Moreover, our supreme court has stated that a writ of certiorari is the appropriate vehicle for relief in bail proceedings. *Id.* A writ of certio-

rari will lie only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy. *Wynne v. State*, 345 Ark. 537, 49 S.W.3d 100 (2001). A demonstration of plain, manifest, clear, and gross abuse of discretion is essential before this court will grant a petition for writ of certiorari. *Larimore v. State*, 339 Ark. 167, 3 S.W.3d 680 (1999).

■ Because this matter is treated as a petition for writ of certiorari, we must address whether this court has jurisdiction to resolve this matter. Our appellate jurisdiction is governed by Ark. Sup. Ct. Rule 1-2. Rule 1-2 provides:

> (a) *Supreme Court jurisdiction.* All cases appealed shall be filed in the Court of Appeals except that the following cases shall be filed in the Supreme Court:
>
> 1. All appeals involving the interpretation or construction of the Constitution of Arkansas;
>
> 2. Criminal appeals in which the death penalty or life imprisonment has been imposed;
>
> 3. Petitions for quo warranto, prohibition, injunction, or mandamus directed to the state, county, or municipal officials or to circuit courts;
>
> 4. Appeals pertaining to elections and election procedures;
>
> 5. Appeals involving the discipline of attorneys-at-law and or arising under the power of the Supreme Court to regulate the practice of law;
>
> 6. Appeals involving the discipline and disability of judges;
>
> 7. Second or subsequent appeals following an appeal which has been decided in the Supreme Court; and
>
> 8. Appeals required by law to be heard by the Supreme Court.

However, prior to September 1, 1997, Rule 1-2 read as follows:

> a) *Supreme Court jurisdiction.* All cases appealed shall be filed in the Court of Appeals except that the following cases shall be filed in the Supreme Court:

1. All appeals involving the interpretation or construction of the Constitution of Arkansas;

2. Criminal cases in which the death penalty, life imprisonment, or a cumulative sentence of more than 30 years imprisonment has been imposed;

3. Cases, other than appeals from the Workers' Compensation Commission, the Public Service Commission, or the Board of Review created by the Employment Security Law, in which the validity, interpretation, construction, or constitutionality of an act of the General Assembly, an ordinance of a municipality or county, or a rule or regulation of any court, administrative agency, or regulatory body is in question; declaratory judgment actions pertaining to the validity or applicability of a rule of an agency subject to the Administrative Procedure Act.

4. Cases appealed from orders of the Arkansas Highway Commission and the Arkansas Pollution Control and Ecology Commission as well as cases involving rates for public utilities fixed by municipal authorities;

5. Appeals in cases based on petitions for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure;

6. Cases of quo warranto, prohibition, injunction, or mandamus directed to the state, county, or municipal officials or to circuit, chancery, or probate courts;

7. Cases pertaining to elections and election procedures;

8. Cases involving the discipline of attorneys-at-law and other cases arising under the power of the Supreme Court to regulate the practice of law;

9. Cases involving the discipline and disability of judges;

10. *Motions for rule on the clerk under Rule 2-2 of the Rules of the Supreme Court and Court of Appeals; and when the case in which relief is sought has not previously been docketed in the Court of Appeals and a transcript filed, motions or petitions for writ of certiorari to complete the record and for admission to bail.*

11. Cases in which the current appeal is a second or subsequent appeal following an appeal which has been decided in the Supreme Court;

12. Interlocutory appeals permitted by statute or by the Arkansas Rules of Appellate Procedure, the Arkansas Rules of Civil Procedure, or the Arkansas Rules of Criminal Procedure;

13. Cases presenting a question about usury;

14. Cases presenting a question about products liability;

15. Cases presenting a question about oil, gas, or mineral rights;

16. Cases presenting a question about the law of torts;

17. Cases presenting a question about the construction of deeds or wills.

(Emphasis added.) The old rule specifically stated that our supreme court had jurisdiction over matters "when the case in which relief [was] sought [had] not previously been docketed in the Court of Appeals and a transcript filed, motions or petitions for writ of certiorari to complete the record and for admissions to bail." Ark. Sup. Ct. R. 1-2(a)(10) (1997). The current rule omits any reference to cases that are not docketed in the Court of Appeals where the relief sought is completion of the record and admission to bail. We interpret this omission to mean that we now have jurisdiction to resolve all matters where the appellant's sentence confers jurisdiction of the case on our court, without regard to when the appeal is docketed and transcript lodged, unless Rule 1-2(a)(1) or (a)(8) is implicated. Hence, we have jurisdiction to address appellant's argument pursuant to Ark. Sup. Ct. R. 1-2.

■ ■ Rule 9.5(c) of the Arkansas Rules of Criminal Procedure provides that after a hearing, and upon finding that the defendant wilfully violated the terms and conditions of his release on bond, a court may revoke the defendant's bond. *See* Ark. R. Crim. P. 9.5(c). The evidence established that appellant violated one of the conditions of his appeal bond when he tested positive for amphetamine. Appellant asserted that this was the result of the

over-the-counter medication, Aleve, or that Officer May had adulterated his specimen. The trier of fact is free to believe all or part of a witness's testimony. *Chapman v. State*, 343 Ark. 643, 38 S.W.3d 305 (2001). Conflicts in the testimony are for the trier of fact to resolve, and the trier of fact is not required to believe the testimony of any witness, especially that of the accused since he or she is the person most interested in the outcome of the proceedings. *Branscum v. State*, 345 Ark. 21, 43 S.W.3d 148 (2001). Therefore, based on the record before us, we cannot say that the court abused its discretion by revoking appellant's appeal bond.

■ Appellant next asserts that the trial court erred in denying his motion to reconsider. In its order the court stated that "upon consideration of the facts, and it being brought to the Court's attention that the Arkansas Department of Correction has taken custody of Defendant to begin serving his sentence [the court] denies the Motion to Reconsider." Appellant interprets this to mean that the court was denying his motion because his transfer to the Arkansas Department of Corrections divested the court of its jurisdiction to reconsider prior results or rulings. We do not agree with appellant's interpretation. Appellant failed to proffer additional evidence that suggested that Aleve contained amphetamine or that Officer May had adulterated his specimen. Therefore, we hold that the denial of appellant's motion to reconsider was not improper.

Affirmed.

VAUGHT and ROAF, JJ., agree.