Bryan Dwight OLMSTEAD  *v.*  Joann G. OLMSTEAD,
Thomas Russell Olmstead, Thomas D. Olmstead, and
Olmstead Funeral Home, Inc.

08-455                                                        284 S.W.3d 27

Supreme Court of Arkansas
Opinion delivered May 1, 2008

*John Wesley Hall*, for appellant.

No response.

PER CURIAM. Appellant Bryan Dwight Olmstead brings this motion for bail pending appeal of his criminal contempt conviction in the Cleburne County Circuit Court. On April 10, 2008, Olmstead filed a petition for writ of certiorari with this court seeking to stay his trial, contending, inter alia, that he was being prosecuted by an unauthorized private prosecutor in violation of *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987). This court denied the writ without prejudice on April 10, 2008.

The following day, Olmstead was tried and convicted of criminal contempt and sentenced to a one-year term of imprisonment in the Cleburne County Jail, and fined $1,000. After the circuit court imposed sentence, and just before being remanded into the Sheriff's custody, Olmstead immediately moved for bail pending appeal. The circuit court denied Olmstead's request,

concluding that it "lack[ed] the authority" to issue bail pending appeal for criminal contempt. Olmstead filed a notice of appeal with this court on April 11, 2008.

■ While nothing in the Arkansas Constitution or the United States Constitution guarantees a person convicted of a crime the right to bail pending appeal, *see Meeks v. State*, 341 Ark. 620, 623, 19 S.W.3d 25, 26 (2000), it is clear that in certain circumstances,[1] the circuit court has the *authority* to issue bail. Rule 6 of the Arkansas Rules of Appellate Procedure–Criminal provides in pertinent part:

> (b)(1) When a defendant has been found guilty. . . [of] an offense . . . and he is sentenced to serve a term of imprisonment, and he has filed a notice of appeal, the trial court shall not release the defendant on bail or otherwise pending appeal unless it finds:
>
> (A) By clear and convincing evidence that the defendant is not likely to flee or that there is no substantial risk that the defendant will commit a serious crime, intimidate witnesses, harass or take retaliatory action against any juror, or otherwise interfere with the administration of justice or pose a danger to the safety of any other person; and
>
> (B) That the appeal is not for the purpose of delay and that it raises a substantial question of law or fact.

Ark. R. App. P.–Crim. 6(b)(1) (2007); *see also* Ark. Code Ann. § 16-91-110 (Repl. 2006). Here, Olmstead was found guilty of criminal contempt, was sentenced to a term of imprisonment and fined $1,000, and has filed a notice of appeal. Therefore, the circuit court has the authority to release Olmstead on bail if it finds that Olmstead has met the requirements of Ark. R. App. P.–Crim. 6(b).

---

[1] When the defendant has been found guilty, pleaded guilty, or pleaded nolo contendere to capital murder, the trial court shall not release the defendant on bail or otherwise, pending appeal or for any reason. Ark. R. App. P.–Crim. 6(b)(2) (2007). When the defendant has been found guilty, pleaded guilty, or pleaded nolo contendere to murder in the first degree, rape, aggravated robbery, or causing a catastrophe, or kidnapping or arson when classified as a Class Y felony, and he has been sentenced to death or imprisonment, the trial court shall not release him on bail or otherwise, pending appeal or for any reason. Ark. R. App. P.–Crim. 6(b)(3) (2007).

Accordingly, we remand to the circuit court and direct the circuit court to hold a hearing on bail within seven (7) days of the entry of this order.

Remanded.

GLAZE and IMBER, JJ., not participating.