The Honorable Clark Hall State Representative
302 Elm Street Marvell, AR 72366-8729
Dear Representative Hall:
I am writing in response to your request for my opinion on the following question:
 Does a municipal police chief, acting alone or through other employees of the municipal police department, have the authority to condition an arrestee's release on depositing a sum in cash, depositing 10% of that sum, or obtaining the signature of a surety?
You indicate that your question arises from a police chief's reported practice within your jurisdiction of releasing an individual arrested for violating a municipal ordinance only upon the individual's meeting one of the following conditions:
 1. The arrestee deposits a sum in cash (a municipal form refers to this sum as "bail," but the police chief claims the sum equals the fine for the offense, and is a form of "bond");
 2. The arrestee deposits 10% of the sum (the police chief refers to this as "10% of the bond amount"); or
 3. The arrestee has an approved surety co-sign and either, in the police chief's words, "pay the 10% of the bond amount or put up some type of collateral for the total bond amount." *Page 2 
You report that "at no point in this procedure does a judge or magistrate actually set bail for the arrestee." The police chief has apparently offered the following justification for this practice:
 The police chief insists that he is not setting bail, but merely "setting the fine amount for misdemeanor offences [sic] that are called within" the municipality, and then "using a surety bond. . . ." Despite his explanation, there is a concern that the police chief is actually fixing the amount of bail.
RESPONSE
In my opinion, the answer to your question is "no."
The authority of a police chief to condition the release of an individual arrested for a misdemeanor is expressly set forth in Ark. R. Crim. Proc. 5.2(b), which provides:
 When a person is arrested for any misdemeanor, the ranking officer on duty at the place of detention to which the arrested person is taken may issue a citation in lieu of continued custody.
The term "citation" as used in this rule denotes the following:
 "Citation" means a written order, issued by a law enforcement officer who is authorized to make an arrest, requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time.[1]
In the event an arrestee is not immediately released "by citation or other lawful means," he or she "shall be taken before a judicial officer without unnecessary delay."[2] With respect to a misdemeanor charge, the pertinent rule provides:
 (a) An inquiry by the judicial officer
into the relevant facts which might affect the pretrial release decision shall be made: *Page 3 
 (ii) In those cases where the maximum penalty for the offense charged is less than one (1) year and in which a law enforcement officer gives notice to the judicial officer that he intends to oppose release of the defendant on his own recognizance.
 (b) In all other cases, the judicial officer may release the defendant on his own recognizance or on order to appear without conducting a pretrial release inquiry.[3]
(Emphases added.)
Nothing in the above authority empowers a chief of police to set and collect a "bail" or "bond" from the arrestee or a surety as a condition of release. The setting of bail or a bond is identified as an exclusively judicial function in Ark. R. Crim. Proc. 9.2, [4]
which provides in pertinent part: *Page 4 
 (a) The judicial officer shall set money bail only after he determines that no other conditions will reasonably ensure the appearance of the defendant in court.
 (b) If it is determined that money bail should be set, the judicial officer shall require one (1) of the following:
 (i) the execution of an unsecured bond in an amount specified by the judicial officer, either signed by other persons or not;
 (ii) the execution of an unsecured bond in an amount specified by the judicial officer, accompanied by a deposit of cash or securities equal to ten per cent (10%) of the face amount of the bond. Ninety per cent (90%) of the deposit shall be returned at the conclusion of the proceedings, provided the defendant has not defaulted in the performance of the conditions of the bond; or
 (iii) the execution of a bond secured by the deposit of the full amount in cash, or by other property, or by obligation of qualified sureties.
 * * * (d) Nothing in this rule shall be construed to prohibit a judicial officer from permitting a defendant charged with an offense other than a felony from *Page 5 
posting a specified sum of money which may be forfeited or applied to a fine and costs in lieu of any court appearance.
(Emphases added.)
The subchapter of the Arkansas Code devoted to the issues of bail and bonds is in all respects in accord with the above authority, offering the following pertinent definitions:
 (1) "Admission to bail" means an order from a competent court or magistrate that the defendant be discharged from actual custody on bail and fixing the amount of the bail;
 * * * (6)(B) "Taking of bail" or "take bail" shall not include the fixing of the amount of bail and no person other than a competent court or magistrate shall fix the amount of bail.[5]
(Emphases added.)
In accordance with the above authority, this office has opined on various occasions that a law enforcement officer cannot independently impose a bail or bond requirement as a condition of an arrestee's release.[6] In my opinion, it is immaterial whether the police chief at issue chooses to characterize the condition he has imposed as the setting of "bail," "setting the fine amount for misdemeanor offences [sic]" or "using a surety bond." As reflected in the foregoing, an executive authority like a police chief is unauthorized to perform any of these functions. Simply put, the conditioning of an arrestee's release on a payment of bail or a bond is an exclusively judicial function. Accordingly, in my opinion, the answer to your question is "no." *Page 6 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Ark. R. Crim. Proc. 5.1(b).
[2] Ark. R. Crim. Proc. 8.1.
[3] Ark. R. Crim. Proc. 8.4.
[4] In Ark. Op. Att'y Gen. No. 2007-042, I discussed as follows the dispositive force of Rule 9.2, and of the Arkansas Rules of Criminal Procedure in general, in addressing questions of the sort you have posed:
 The procedures for determining bail, including whether any amount of bail will be required, are set forth in the Arkansas Rules of Criminal Procedure Rule 8, "Release by Judicial Officer at First Appearance," and Rule 9, "The Release Decision." The Rules of Criminal Procedure were enacted "pursuant to Act 470 of 1971, and in harmony with the Court's constitutional superintending control over all trial courts[.]" In the Matter of Rules of Criminal Procedure, 259 Ark. 863, 530 S.W.2d 672 (1975) (per curiam). Since the original promulgation of The Rules of Criminal Procedure, Amendment 80 to the Arkansas Constitution has expressly specified that the Arkansas Supreme Court is vested with "the judicial power" of the state. Ark. Const., amend. 80, § 1. This includes the authority to prescribe the rules of pleading, practice, and procedure for all courts. Id. at § 3. While the General Assembly has the authority to pass substantive laws, the promulgation of the procedural rules by which those are enforced is constitutionally vested in the judiciary pursuant to Amendment 80 to the Arkansas Constitution. Summerville v. Thrower, No. 06-501 slip op. (Ark., Mar. 15, 2007) (striking A.C.A. § 16-14-209(b) as an unconstitutional encroachment on the court's vested right to regulate the civil procedure of courts under Amendment 80.). When a legislative enactment burdens the constitutionally vested authority of the Arkansas Supreme Court over judicial procedure, the court will not hesitate to strike such a statute as unconstitutional. See, e.g., Casement v. State, 318 Ark. 225, 230 S.W.2d 480 (1994); and Hedrick v. Arnold, 310 Ark. 138, 835 S.W.2d 834 (1992).
 The Arkansas Supreme Court recently repeated its clarifications between substantive and procedural laws in Summerville, supra. Specifically, the court stated:
 The boilerplate definition of substantive law is "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of the parties," while procedural law is defined as "[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves." Black's Law Dictionary 1443, 1221 (7th ed. 1999).
Id. at 8. The right to bail is a substantive right that emanates from the Arkansas Constitution. Henley v.Taylor, 324 Ark. 114, 918 S.W.2d 713 (1996); see alsoLarrimore v. State, 339 Ark. 167, 3 S.W.3d 680 (1990). The procedure to set bail, however, requires a court to impose money bail only as a last resort to insure the appearance of the defendant in court. See Foreman v. State,317 Ark. 146, 875 S.W.2d 853 (1994); see also Thomas v.State, 260 Ark. 512, 522, 542 S.W.2d 284 (1976); and
Ark. R. Crim. P. 9.2(a). Rule 9.2 of the Arkansas Rules of Criminal Procedure has specifically been held to be a procedural rule properly promulgated pursuant to the Court's inherent constitutional superintending control over practice and procedure. Miller v. State,262 Ark. 223, 226, 555 S.W.2d 563 (1977).
[5] A.C.A. § 16-84-101 (Repl. 2005).
[6] See, e.g., Ark. Ops. Att'y Gen. Nos. 2008-150 and 2007-240. *Page 1