SLIP OPINION

Cite as 2016 Ark. 449

# SUPREME COURT OF ARKANSAS

**No.** CR-16-411

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered:** December 8, 2016 |
| WILLIE WELLS | APPELLANT | PRO SE PETITION FOR WRIT OF CERTIORARI [CRITTENDEN COUNTY CIRCUIT COURT, NO. 18CR-15-9] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JOHN N. FOGLEMAN, JUDGE |
|  |  | WRIT GRANTED; REMANDED. |

## PER CURIAM

Appellant Willie Wells filed a pro se petition for writ of certiorari in a case in the Arkansas Court of Appeals, CR-16-298, which is his ongoing direct appeal of a judgment reflecting Wells's conviction on a drug possession charge. In the petition, Wells sought review of the trial court's decision to deny a motion for an appeal bond and remand with directions for the trial court to set a bond. This court accepted certification of the petition from the court of appeals. A writ of certiorari is the appropriate vehicle for relief in bail proceedings. *Meeks v. State*, 341 Ark. 620, 19 S.W.3d 25 (2000).

After the case was certified and the State filed a response contending, among other things, that the record for the certiorari petition was insufficient because it did not include a written ruling on the motion to set bond, Wells filed a petition for writ of mandamus. This court has held that the trial court was not required to provide written findings for increasing a defendant's bond for appeal. *Perry v. State*, 275 Ark. 170, 628 S.W.2d 304

SLIP OPINION

(1982). We therefore treated the mandamus petition, in part, as a petition for writ of certiorari to bring up the record of the bond hearing, granted that part, and ordered the circuit clerk to provide a supplemental record with the transcript of the bond hearing. We have now received the supplemental record. We grant the petition for certiorari and remand for a new bond hearing in accord with this decision.

The State contends that this court should not consider the certiorari petition because Wells is represented by counsel on the direct appeal. This court will not permit an appellant to compete with his attorney to be heard in an appeal. *Fields v. State*, 2013 Ark. 117 (per curiam). We note that trial counsel permitted Wells to argue this issue at the bond hearing. Because this is a separate matter from the direct appeal, where Wells is represented by counsel, he is not competing with appellate counsel.

The standard of review for the denial of bail on appeal is as follows:

> Certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy, and it is available to the appellate court in its exercise of superintending control over a lower court that is proceeding illegally where no other mode of review has been provided. A demonstration of a plain, manifest, clear, and gross abuse of discretion is essential before this court will grant a petition for writ of certiorari.

*Smith v. State*, 345 Ark. 472, 474, 48 S.W.3d 529, 530 (2001) (citations omitted). The record returned on the writ indicates that the trial court found that Wells proved by clear and convincing evidence that he was not likely to flee but not that the appeal raised a substantial question of law or fact.

A bond on appeal is not an absolute right. *Smith*, 345 Ark. 472, 48 S.W.3d 529. Arkansas Rule of Appellate Procedure–Criminal 6 (2015) delineates the standards for granting an appeal bond. The Rule sets forth the controlling procedure that the trial court is to follow in determining whether to set bail. *See Casement v. State*, 318 Ark. 225, 884 S.W.2d 593 (1994). Rule 6 provides that the trial court shall not release the defendant on bail pending appeal unless it finds (1) by clear and convincing evidence that the defendant is not likely to flee or that there is no substantial risk that the defendant will commit a serious crime, intimidate witnesses, harass or take retaliatory action against any juror, or otherwise interfere with the administration of justice or pose a danger to the safety of any other person; and (2) that the appeal is not for the purpose of delay and that it raises a substantial question of law or fact. Ark. R. App. P.–Crim. 6(b)(1); *Olmstead v. Olmstead*, 373 Ark. 354, 284 S.W.3d 27 (2008) (per curiam).

Here, the trial court found that Wells did not demonstrate that he had a substantial question of law or fact to raise on appeal, but Wells argued in the bond hearing that he could contest whether the amount of cocaine was a usable amount. That is one of the issues that is raised by appellate counsel in the appellant's brief on appeal, and we believe that this issue was a sufficient question to satisfy the requirements of Rule 6. Under the Rule, as under the prior rule, the trial court must deny bail unless it finds that the appeal is not for the purpose of delay and only that it raises a substantial question of law or fact. *See Vineyard v. State*, 29 Ark. App. 180, 782 S.W.2d 370 (1989) (per curiam). The issue need not be one that is ultimately meritorious, provided that the question of law or fact presented is

substantial. Accordingly, we grant the writ, remand to the circuit court, and direct the circuit court to hold a hearing on bail within seven days of the entry of this order.

Writ granted; remanded.